HAWKINS, Presiding Justice,
specially concurring:
I concur in the affirmance of this case.
I regret the majority’s hesitancy to recognize even now that Dr. Chidester is unquestionably qualified as an expert in child abuse and child sexual abuse.
It is also clear that Dr. Chidester was qualified to express the opinion she did in this case, whether objected to or not. She physically examined this eleven-year-old child, and talked to her at length, taking a sordid history of repeated penetration and oral sex.
Her physical examination was as follows:
The hymenal ring was completely absent. We would expect it to be present. We would expect to have an opening probably about half the size of my little finger, which is a pretty small finger; instead the opening when I looked in, easily, very easily put in my two fingers, which is what I usually use to examine an adult female, you know, after children or whatever. When again, the ladies will understand this better than the men. When you go to a doctor and you have an internal exam, he normally puts in two fingers into your vaginal area to examine you, and this child easily admitted two fingers with no problems whatever
(R. 75)
The final question of the State on direct examination was:
Q. In your best medical opinion, Dr. Chidester, were the symptoms of behavior, of history in a physical examination consistent with that of a sexually abused child.
A. Yes. Definitely.
(R. 76)
Taking into consideration the behavior of the child, the history the child gave Dr. Chidester, and grossly enlarged vagina for an eleven-year-old child, this was an opinion the doctor was well qualified to make.